IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RHONDA MCNUTT,** *individually,*                                **PLAINTIFF**
*and on behalf of all others similarly*
*situated*

v.                                                              Civil No. 1:26-cv-19-HSO-RPM

**FIRST FEDERAL SAVINGS & LOAN**                                **DEFENDANT**
**ASSOCIATION**

### ORDER DIRECTING PLAINTIFF RHONDA MCNUTT TO FILE AN AMENDED COMPLAINT PROPERLY PLEADING DIVERSITY OF CITIZENSHIP AND SUBJECT-MATTER JURISDICTION

The Court, *sua sponte*, considers its subject-matter jurisdiction and concludes that Plaintiff Rhonda McNutt ("Plaintiff") has not adequately alleged diversity of citizenship under 28 U.S.C. § 1332(d).  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  As Plaintiff's counsel is well-aware from our sister district's conclusion in *Gulley v. Hosp. Serv. Dist. #1 of Tangipahoa Par.*, No. CV 25-830-SDD-EWD, 2025 WL 3296305, at *2 (E.D. La. Nov. 26, 2025), Plaintiff's Complaint [1] does not adequately allege even minimal diversity.

I. DISCUSSION

"Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019)

(quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). "The burden to establish jurisdiction is on the party invoking it." *Gulley*, 2025 WL 3296305, at *1 (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

"CAFA greatly expands jurisdiction over interstate class action lawsuits." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011). "CAFA grants the federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.*, at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities." *Id.* (citing 28 U.S.C. § 1332(d)(2), (5)); *see also Gulley*, 2025 WL 3296305, at *1 (same).

Plaintiff's Complaint [1] alleges that the proposed class encompasses more than 100 members, and that the amount in controversy exceeds $5 million dollars, exclusive of interest and costs. Compl. [1] at 3. But the Complaint [1] fails to establish the citizenship of either party. Plaintiff's Complaint [1] alleges "Defendant is headquartered and routinely conducts business in the State where this District is located." *Id.* But if Defendant is a corporation, citizenship is not properly established without alleging both the corporation's principal place of business and its place of incorporation. *See* 28 U.S.C. § 1332(c)(1); *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985).

2

Turning to Plaintiff McNutt, she alleges that she "was a resident and citizen of the State of Mississippi." Compl. [1] at 4. For obvious reasons, this would destroy diversity of citizenship between the parties because Plaintiff's Complaint [1] alleges that Defendant is "headquartered . . . in the State where this District is located," Mississippi. *See id.* at 3. Second, in an attempt to salvage minimal diversity, the Complaint [1] alleges that "at least one other Class Member is a citizen of a state different from Defendant." *Id.* But the Complaint [1] has not identified any other class member or alleged that a putative class member is a citizen of a specific state other than Mississippi. Minimal diversity requires more of a showing. "Plaintiff must identify another class member and his/her citizenship or allege that there is a putative class member who is domiciled in a specific state other than [Mississippi] as supported by some evidence." *Gulley*, 2025 WL 3296305, at *3 (citing *Jolla v. Acadia Health, LLC d/b/a Just Kids Dental*, No. 23-1370 (M.D. La.)).

But of course, Plaintiff's counsel should be well aware of this. Plaintiff's counsel was counsel in *Gulley*. And in *Gulley*, Plaintiff's counsel included the *identical* minimal diversity statement as the one included here. *See Gulley*, 2025 WL 3296305, at *2. Simply alleging that "at least one other Class Member is a citizen of a state different from Defendant," was insufficient two months ago and remains insufficient now. *Id.* at 2-3.

3

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, on or before **February 4, 2026**, Plaintiff shall file an amended complaint which adequately alleges diversity of citizenship and subject-matter jurisdiction.  Plaintiff is cautioned that failure to do so may result in this case being dismissed without prejudice, and without further notice.

**SO ORDERED AND ADJUDGED**, this the 21st day of January, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE