IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RHONDA MCNUTT,** *individually,*  **PLAINTIFF**
*and on behalf of all others similarly*
*situated*

**v.**   **Civil No. 1:26-cv-19-HSO-RPM**

**FIRST FEDERAL SAVINGS & LOAN**   **DEFENDANT**
**ASSOCIATION**

**ORDER DISMISSING PLAINTIFF RHONDA MCNUTT'S AMENDED COMPLAINT [5] WITHOUT PREJUDICE FOR FAILURE TO PROPERLY PLEAD SUBJECT-MATTER JURISDICTION**

Invoking this Court's jurisdiction under 28 U.S.C. § 1332(d), on January 14, 2026, Plaintiff Rhonda McNutt ("Plaintiff") filed a Class Action Complaint against Defendant First Federal Savings & Loan Association ("Defendant"), on grounds that her "personally identifiable information" ("PII") was allegedly exposed in a data breach. Am. Compl. [5] at 1. After a *sua sponte* review of the Complaint [1] and its jurisdiction, the Court concluded that it lacked subject-matter jurisdiction and ordered Plaintiff to file an amended complaint to properly allege subject-matter jurisdiction. *See* Ord. [4]. Plaintiff filed her First Amended Complaint [5] on February 4, 2026, but it suffers from the same deficiencies as the Original Complaint [1]. Specifically, the Amended Complaint [5] does not properly allege the *citizenship* of a putative class member or Defendant. On this record, the Court lacks subject-matter jurisdiction, and Plaintiff Rhonda McNutt's Amended Complaint [5] should be dismissed without prejudice.

I. DISCUSSION

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). For an individual, citizenship is determined by their domicile, and domicile "requires the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). But "[c]itizenship and residence . . . are not synonymous terms," *Robertson v. Cease*, 97 U.S. 646, 648 (1878), and "[t]he difference between *citizenship* and *residency* is a frequent source of confusion," *MidCap Media Fin., L.L.C.*, 929 F.3d at 313 (emphasis in original). As the Fifth Circuit explained in *MidCap Media Fin., L.L.C.*,

> [c]itizenship requires not only residence in fact but also the purpose to make the place of residence one's home. Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship.

929 F.3d at 313 (internal quotations and citations omitted).

Plaintiff invokes this Court's jurisdiction under the Class Action Fairness Act of 2005.[1] *See* Am. Compl. [5] at 3. CAFA

---

[1] Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various sections of 28 U.S.C.).

2

grants the federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.*, at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities.

*Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (citing 28 U.S.C. § 1332(d)(2), (5)). Minimal diversity is achieved when "at least one class member is a citizen of a State different from the defendant." *Madison v. ADT, L.L.C.*, 11 F.4th 325, 327 (5th Cir. 2021).

The Amended Complaint [5] alleges that the proposed class encompasses more than 100 members, and that the amount in controversy exceeds $5 million dollars, exclusive of interest and costs. *See* Am. Compl. [5] at 3. Plaintiff contends that "at least one other Class Member is a citizen of a state different from Defendant." *Id.* In support, the Amended Complaint [5] states:

> On information and belief, a substantial number of Class Members reside outside the State of Mississippi which renders this Court's exercise of jurisdiction appropriate under the Class Action Fairness Act of 2005 ("CAFA"). Based on regulatory disclosures filed by Defendant there are at least 2,334 Class Members in the State of Texas, 418 in Massachusetts, at least 500 [in] California, and an unknown number in Rhode Island.

Am. Compl. [5] at 3. But for individuals, citizenship is determined by domicile, and "[c]itizenship and residence . . . are not synonymous terms." *Robertson*, 97 U.S. at 648; *see also MidCap Media Fin., L.L.C.*, 929 F.3d at 313 (quoting same). In other words, Plaintiff's allegations might suffice to establish the *residency* of potentially diverse class members, but they do not establish the *citizenship* of even one. Because the citizenship of individuals is based on domicile, allegations of residence

3

alone are insufficient. *See Preston*, 485 F.3d at 798; *MidCap Media Fin., L.L.C.*, 929 F.3d at 313.

But even assuming the Amended Complaint's [5] allegations established the citizenship—as opposed to the residency—of potential individual class members, the Amended Complaint [5] still would not pass minimal diversity muster. It alleges that Defendant is "a for-profit enterprise with a principal place of business located in Pascagoula, Mississippi," Am. Compl. [5] at 6, and that "Defendant is headquartered . . . in the State where this District is located," *id.* at 4. This is inadequate to establish diversity jurisdiction. For the second time, Plaintiff has not identified what *type* of "for-profit enterprise" Defendant is. *See* Ord. [4] at 2. Determining the citizenship of an entity depends upon its form, *see Media Fin., L.L.C.*, 929 F.3d at 314, and "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference," *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983).

A "for-profit enterprise" could be a partnership or a limited liability company ("LLC"). Or it could be a state bank or a corporation. Or it could be a national bank. Each of these entities has its own rules for alleging citizenship and Plaintiff has not identified what type of entity Defendant is. *See, e.g., MidCap Media Finance, L.L.C.*, 929 F.3d at 314 (describing the differences between an LLC and a corporation for diversity purposes); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-7 (2006) (noting the differences between a state bank and national bank). Simply put,

even if the Amended Complaint [5] properly alleged the citizenship of an unidentified potential class member, the Court still could not determine whether Plaintiff has adequately pled diversity jurisdiction because it does not know what type of entity Defendant is.

As it stands, Plaintiff McNutt is a "resident and citizen of the State of Mississippi." Am. Compl. [5] at 4. And for a second time, she stands alone as the only party with an identifiable place of citizenship. If the Court were to assume Defendant's status as a corporation or state bank, it would destroy minimal diversity because Defendant is "a for-profit enterprise with a principal place of business located in Pascagoula, Mississippi," *id.* at 6, "headquartered . . . in the State where this district is located," *id.* at 4.

The burden is on Plaintiff to make "clear, distinct, and precise affirmative jurisdictional allegations in their pleadings." *MidCap Media Fin., L.L.C.*, 929 F.3d at 313 (citation omitted). For a second time, she has not, and because she fails to adequately allege diversity of citizenship, the Amended Complaint [5] should be dismissed for lack of subject-matter jurisdiction. *See* Ord. [4].

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Rhonda McNutt's Amended Complaint [5] is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 9th day of February, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE